# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

STEVE MARTIN,

                            :

         Petitioner,                       Case No. 1:07-cv-308

                            :        Chief Judge Sandra S. Beckwith
      -vs-                               Chief Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
 Institution,

                            :

         Respondent.

---

## REPORT AND RECOMMENDATIONS

---

        Petitioner Steve Martin brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Scioto County Common Pleas Court and subsequent incarceration in Respondent's custody.

### Procedural History

        The Scioto County Grand Jury indicted Petitioner on one count of driving under the influence of alcohol or drugs with the specification that he had previously had a felony conviction for driving under the influence. A jury found him guilty as charged and he was sentenced to five years imprisonment. Mr. Martin appealed *pro se*, pleading as assignments of error:

> 1. Was it unreasonable, within the meaning of the Fourteenth Amendment, for the arresting officer to detain the appellant, after pretextual stop for purposes of giving appellant a field sobriety test

-1-

when the officer had reason to believe the appellant was intoxicated?

2. Was the appellant denied the right to counsel and to effective access to facilities to communicate with an attorney in violation of his statutory and constitutional rights?

3. Was the appellant denied the effective assistance of counsel at the preliminary hearing stage of these proceedings by being forced to accept a "stand-in" counsel and sign an involuntary waiver of his constitutional rights?

4. Did the trial court abuse its discretion when it failed to hold a hearing to determine the extent of the conflict of interest of trial counsel when pre-trial motion to withdraw by counsel placed the trial court on notice of the conflict of interest?

5. Was the appellant denied a fair trial when the prosecution, trial court and defense counsel admitted, allowed to be admitted and solicited, bad character, prior and subsequent criminal acts, and "other acts" evidence at the trial, in violation of the rules of evidence and the appellant's constitutional rights?

6. Was the appellant denied a fair trial in this cause by the inclusion of three (3) prior convictions on his indictment in order to satisfy the element of only one (1) prior conviction; admission of the three prior convictions into evidence at the trial; trial court's instruction as to the three prior convictions being part of the appellant's offense; failure of trial counsel to object to the inclusion of three priors on the indictment, admission of the same into the trial, and to the trial court's instruction.

7. Was trial counsel ineffective for not obtaining appellant's medical records of two hip replacement surgeries in order to establish without question the only line of defense trial counsel tried to establish at trial after stating to the jury that appellant's defense would be, "…on of rebuttal…"?

(Appellant's Brief, Ex. 8 to Return of Writ, Doc. No. 20).  The conviction was affirmed.  *State v. Martin*, 2005 Ohio App. LEXIS 3717 (Ohio App. 4th Dist., August 3, 2005).  The Ohio Supreme Court declined jurisdiction over an attempted appeal.

**Ground One**

IT WAS UNREASONABLE SIC WITHIN THE MEANING OF THE FOURTH AMENDMENT FOR ARRESTING OFFICER TO DETAIN THE PETITIONER AFTER PRETEXTUAL STOP FOR PURPOSES OF CONDUCTING FIELD SOBRIETY TEST, WHEN OFFICER HAD NO REASON TO BELIEVE PETITIONER WAS INTOXICATED THERE WAS REASONABLE EXSPLANATION [SIC] OF APPELLANTS MISSTEPS WHEN EXITING HIS VEHICLE, AND IT IS EVIDENT FROM OFFICERS TESTIMONY AT TRIAL THAT HE WAS FOLLOWING PETITIONER JUST TO SEE IF HE WAS INTOXICATED IN VIOLATION OF THE FOURTH AMENDMENT.  ARTICLE i*14 )F [sic; "Article I, § 14 of" apparently intended] THE OHIO CONSTITUTION, PETITIONER ARGUES THAT HIS ATTORNEY WAS INEFFECTIVE COUNSEL AT TRIAL FURTHER ATTORNEY STATED HE WAS NOT GOING TO AFFORD A DEFENSE FOR HIS CLIENT FOR TRIAL SEE EXHIBIT ATTACHMENT TO THIS CASE, THE COURT OF APPEALS ERRED IN DENYING [SIC] OR HEARING ERROR, OVERRULING FOR REASONS ATTORNEY FAILED TO OBJECT TO THE UNITED STATES CONSTITUTION SUBJECT MATTER JURISDICTION WAS RAISED IN INEFFECTIVE COUNSEL THATS TO SAY, IN STATE V. HORMAN, 2000 89, Ohio St 3d, 421 WAS DECIDED BY THE OHIO SUPREME COURT HELD IN ORDER FO [SIC] THE RESULTS OF FIELD SOBRIETY TEST TO SERVE AS EVIDENCE OF PROBABLE CAUSE TO ARREST THE POLICE MUST HAVE ADMINISTERED THE TEST IN STRICT COMPLIANCE WITH NHTSA, MANUAL TO STANDARDIZING TESTING

In his first Ground for Relief, Petitioner asserts that his Fourth Amendment rights were violated by the initial traffic stop by Officer Hamilton.

Respondent first asserts that Fourth Amendment claims are only cognizable in federal habeas corpus in very limited circumstances, relying on *Stone v. Powell,* 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). In that case, the Supreme Court held federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.  *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does.  The district court must also decide if a Petitioner's presentation

of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an

unanticipated and unforeseeable application of procedural rule prevents state court consideration of

merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of

a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of
> Fourth Amendment claims is, in the abstract, clearly adequate. Ohio
> R. Crim. P. 12 provides an adequate opportunity to raise Fourth
> Amendment claims in the context of a pretrial motion to suppress, as
> is evident in the petitioner's use of that procedure. Further, a criminal
> defendant, who has unsuccessfully sought to suppress evidence, may
> take a direct appeal of that order, as of right, by filing a notice of
> appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These
> rules provide an adequate procedural mechanism for the litigation of
> Fourth Amendment claims because the state affords a litigant an
> opportunity to raise his claims in a fact-finding hearing and on direct
> appeal of an unfavorable decision.

*Id*. at 526. Petitioner has pointed to no evidence that the State in any way impeded his ability to

litigate his Fourth Amendment claim by way of a pretrial motion to suppress. Therefore the first

Ground for Relief is not cognizable in this Court.

As an alternative basis for opposing the first Ground for Relief, Respondent asserts that it

is procedurally defaulted. The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his
> federal claims in state court pursuant to an adequate
> and independent state procedural rule, federal habeas
> review of the claims is barred unless the prisoner can
> demonstrate cause of the default and actual prejudice
> as a result of the alleged violation of federal law; or
> demonstrate that failure to consider the claims will
> result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also*

*Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal

-4-

habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not

-5-

> complied with and that the rule was an adequate and independent
> state ground, then the petitioner must demonstrate under *Sykes* that
> there was "cause" for him to not follow the procedural rule and that
> he was actually prejudiced by the alleged constitutional error.

*Maupin,*785 F.2d, at 138.

It is clear that the Ohio Court of Appeals enforced a procedural default against Mr. Martin

as to his Fourth Amendment claim on direct appeal.  The court wrote:

> Generally, challenges to evidence on  the grounds it has been
> "illegally obtained," including alleged violations of Fourth and Fifth
> Amendment rights, must be raised in a pretrial motion to suppress
> evidence.  If not, the issues are generally deemed waived. See Traf.
> R. 11(B)(2)(a) & (F); State v. Barna (Nov. 9,1994), Montgomery
> App. No. 14425, 1994 Ohio App. LEXIS 5057; see, also, Painter,
> Ohio Driving Under the Influence Law (2003 Ed.) 147, §§ 11.4 &
> 11.5. We have found no such motion filed below and we cannot
> consider these issues for the first time on appeal. Accordingly, we
> hereby overrule appellant's first and second assignments of error.

*State v. Martin*, 2005 Ohio App. LEXIS 3717 at ¶ 8.  The rule is clearly independent of federal law

and the Court finds it is an adequate state rule in that it provides for a consideration of the evidence

regarding suppression independent of the jury trial; the same requirement is found in the Federal

Rules of Criminal Procedure.

Mr. Martin appears to argue that it was ineffective assistance of appellate counsel for his trial

attorney to fail to file a motion to suppress on Fourth Amendment grounds.  Ineffective assistance

of counsel can constitute excusing cause.  *Murray v. Carrier,* 477 U.S. 478, 488, 106 S. Ct. 2639,

91 L. Ed. 2d 397 (1985); *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005); *Lucas v. O'Dea*,

179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996).

The governing standard for effective assistance of counsel is found in *Strickland v.*

*Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

-6-

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144

-7-

(1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th

Cir. 1987).  *See generally* Annotation, 26 ALR Fed 218.

Mr. Martin has failed to demonstrate his trial attorney was ineffective for failure to file a

motion to suppress.  The trial testimony of Officer Hamilton establishes that he had probable cause

to stop Mr. Martin to cite him for failing to drive his vehicle within marked traffic lanes.  Once he

stopped Mr. Martin for that, he smelled alcohol on Martin's breath and obtained his admission that

he had had quite a few beers.  He failed a number of field sobriety tests.  Officer Hamilton therefore

had probable cause to make the arrest for operating a motor vehicle under the influence of alcohol

and any motion to suppress would not likely have been granted.  Mr. Martin has not, therefore,

established that his counsel was ineffective in failing to file such a motion.

The first Ground for Relief should therefore be denied.

## Ground Two

THE PETITIONER WAS DENIED THE RIGHT TO COUNSEL UNDER RC
2935.14, RC 2935.20, ARTICAL [SIC] 1 §10 OF THE OHIO CONSTITUTION
AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENT OF THE
UNITED STATES CONSTITUTION BY POLICE INTERFERENCE THAT
DENIED THE ARRESTED PERSON ACCESS TO FACILITIES TO
COMMUNICATE WITH HIS ATTORNEY, "THIS IS A FELONY ARREST".
THE PETITIONER'S ARGUMENT THAT PURSUNAT [SIC] TO A FELONY
ARRESTED PERSON.  WAS DENIED HIS STATUTORY AND
CONSTITUTIONAL PROTECTIONS THE PETITIONER'S ARGUMENT IS ALL
EVIDENCE TAKEN UNDER VIOLATION WAS INADMISSABLE AND
SHOULD HAVE BEEN EXCLUDED FROM PROSECUTION AT TRIAL OF A
CRIMINAL OFFENSE OF 4511.19 SEC. ORD.  ALL EVIDENCE TAKEN
UNDER VIOLATION WAS INADMISSABLE AND SHOULD HAVE BEEN
EXCLUDED FROM PROSECUTION AT TRIAL OF A CRIMINAL OFFENSE OF
4511.19 O.R.C.
THE LOWER COURT ERRED TO PREJUDICE TO THE FACT THE
ARRESTING OFFICERS TESTIMONY IN IT SELF CLEARLY-ADMITTED THE
RIGHT TO COUNSEL VIOLATION, THE ADMISSION BEFORE THE TRIAL

COURT OF UNDER OATH TESTIMONY TO THE INTERFEARANCE [SIC] BY POLICE IN CUSTODIAL INTERROGATION AS ADMITTED AND SUPPORTED BY PETITIONERS APPELLANT BRIEF SUBMISSION OF ISSUE TWO ON 1/12/05, R.C. 2935.14 R.C. 2935.20, VIOLATION ALSO 5th AND 6th AND 14 AMENDMENT VIOLATION OCCURING UPON EVIDENCE IN VIOLATION BEING ADMITTED TO PROSECUTION AND DISPLAYED BEFORE THE JURY IN THE INSTANT CASE OF THIS REVIEW IS IN SUPPORT OF THE ERRED CONVICTION BEING SUBJECT OF DISMISSAL UNDER RIGHT OF HABEAS CORPUS 2254 AS SUPPORTED BY THE RECORD EVIDENCE BEFORE THIS HONORABLE COURT TO THIS RESPECTFULLY SUBMITTED GROUND FOR RELIEF.

In his second Ground for Relief, Petitioner asserts he was denied his right to counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution when he was not permitted to contact an attorney upon his initial arrest.

This is the same claim he made in his Second Assignment of Error in the Ohio Court of Appeals. As with the First Assignment of Error, the court denied consideration of this claim on the merits because no motion to suppress had been filed. As noted above with respect to the first Ground for Relief, this is an adequate and independent state ground of decision and Petitioner has not shown his counsel was ineffective for failure to file a motion to suppress.

Apart from the procedural default, this claim fails to state a ground for relief under the United States Constitution. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983). Under the Sixth Amendment, the constitutional right to counsel attaches only upon the initiation of adversary judicial proceedings, such as formal charge, preliminary hearing, indictment, information, or arraignment. *United States v. Gouveia*, 467 U.S. 180 (1984); *Kirby v. Illinois*, 406 U.S. 682 (1972)(no right to counsel in a pre-indictment line-up). The right

becomes applicable only when the government's role shifts from investigation to accusation. *Moran v. Burbine*, 475 U.S. 412 (1986).

Therefore the second Ground for Relief should be denied.

Ground Three

THE PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE PRELIMINARY HEARING STATE OF THESE PROCEEDINGS BY BEING FORCED TO ACCEPT, STAND-IN COUNSEL AND BY THE SIGNING OF A UNRECORDED OR ADVISED WAIVER TO HIS SCHEDULED COURT APPEARANCE ON 10/24/03 IN VIOLATION OF FOURTHEENTH [SIC] AND SIXTH AMENDMENT CONSTITUTIONAL GUARANTEES, WHERE THE WAIVER OF HIS CONSTITUTIONAL RIGHT WAS NOT BEFORE THE OPEN COURT.  THIS A PLAIN ERROR OF THE BINDING OVER TO INDICTMENT WAS INVALID UNDER THE 6TH AND 14TH AMENDMENT DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION 1 § 10 OHIO CONSTITUTION.

In his third Ground for Relief, Petitioner asserts he was denied the effective assistance of counsel when he was advised to waive his preliminary hearing.  As to this claim, after reciting the *Strickland* standard, the Court of Appeals held:

> [*P11] Appellant's first argument is that he received ineffective assistance from "stand-in" counsel during the "preliminary" stage of the proceedings in Municipal Court. In particular, he claims that "stand-in" counsel told him to sign a waiver of preliminary hearing or he could not get released from jail on bond. We note that the matters to which appellant refers occurred while his case was initially lodged in the Municipal Court and there is no record of them here. Although appellant attached a copy of his "waiver" from that court to his brief, we cannot consider exhibits attached to briefs that are not part of the record on appeal. App.R. 12(A); also see State v. Stewart, Washington App. No. 02CA29, 2003 Ohio 4850, at P9. Moreover, even if we could consider appellant's "waiver",  appellant points to nothing in the record to establish that his waiver was involuntary. Finally, appellant has not explained how he was prejudiced by waiving a preliminary hearing in Municipal Court -- particularly when he was indicted  by the Scioto County Grand Jury just a few

-10-

weeks later.

*State v. Martin, supra*, at ¶ 11.

The Supreme Court has recently elaborated on the standard of review of state court decisions

on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified
> a federal habeas court's role in reviewing state prisoner applications
> in order to prevent federal habeas "retrials" and to ensure that
> state-court convictions are given effect to the extent possible under
> law.  See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495,
> 146 L.Ed.2d 389 (2000).   To these ends, § 2254(d)(1) provides:

> (d) An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the merits
> in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States."

> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and
> "unreasonable application" clauses have independent meaning.  529
> U.S., at 404-405, 120 S.Ct. 1495.   A federal habeas court may issue
> the writ under the "contrary to" clause if the state court applies a rule
> different from the governing law set forth in our cases, or if it decides
> a case differently than we have done on a set of materially
> indistinguishable facts.  *Id.,* at 405-406, 120 S. Ct. 1495.   The court
> may grant relief under the "unreasonable application" clause if the
> state court correctly identifies the governing legal principle from our
> decisions but unreasonably applies it to the facts of the particular
> case.  *Id.,* at 407-408, 120 S.Ct. 1495.   The focus of the latter inquiry
> is on whether the state court's application of clearly established
> federal law is objectively unreasonable, and we stressed in *Williams*
> that an unreasonable application is different from an incorrect one.
> *Id.,* at 409- 410, 120 S.Ct. 1495.  See also *id.,* at 411, 120 S.Ct. 1495
> (a federal habeas court may not issue a writ under the unreasonable
> application clause "simply because that court concludes in its
> independent judgment that the relevant state-court decision applied
> clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002).

This Court cannot say that the Ohio Court of Appeals' application of *Strickland* here is unreasonable. Petitioner did not offer any proof that his waiver of preliminary hearing was involuntary or any way in which that waiver prejudiced him. The third Ground for Relief is without merit.

### Ground Four

THE TRIAL COURT ABUSED ITS DISCRETION BY NOT HOLDING A HEARING TO DETERMINE THE EXTENT OF THE POSSIBLE CONFLICT OF INTEREST OF TRIAL COUNSEL WHEN PRE-TRIAL MOTION TO WITHDRAW WAS FILED BY COUNSEL AND DENIED EX-PARTE IN VIOLATION OF THE FIFTH AMENDMENT AND SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND 1 § 10 OHIO CONSTITUTION. THE FAILURE TO MAINTAIN A RECORD, VIOLATION OF CRIMINAL, RULE 22 ORC. AND THE FORTHTEETH [SIC] AMENDMENT UNITED STATES CONSTITTUTION [SIC]

In his fourth Ground for Relief, Petitioner claims the state trial judge abused his discretion in failing to hold a hearing as to whether his trial attorney had a conflict of interest. On this claim, the state court of appeals held:

> [*P12] Appellant's next argument goes to appellant's trial counsel's March 16, 2003 "motion to withdraw." We note that the trial court overruled this motion the following day. Appellant asserts that this constitutes error and that the court should have held a hearing to determine the "extent of the possible conflict of interest." We disagree.

> [*P13] First, we note that trial counsel's motion to withdraw does not cite a conflict of interest. Rather, it states that appellant would not cooperate and kept mentioning that he intended to replace him with new counsel. Second, appellant does not establish that a conflict of

-12-

> interest did, in fact, exist. Thus, appellant fails to establish prejudice. Third, the reason the trial court expressed for overruling counsel's motion was that appellant failed to appear for a pre-trial conference. The trial court indicated, however, that it would consider [**10] such a request again if appellant was apprehended on an outstanding bench warrant. This indicates appellant was not present, even if the court had held a hearing.  Moreover, appellant could have filed his own motion later in the proceedings but he failed to do so.

*State v. Martin, supra*, at ¶¶ 12-13.  Assuming that it was a federal question which Petitioner intended to present on direct appeal with this assignment of error, this Court cannot say that the Ohio Court of Appeals' decision is an objectively unreasonable application of law clearly established by the Supreme Court.  Even in this Court, Petitioner offers no evidence of an actual conflict of interest, nor does he cite any authority for the proposition that a defendant is absolutely entitled to a hearing on such a claim, even when he is absent from the proceedings in violation of his bond.  The fourth Ground for Relief is without merit.

## Ground Five

PETITIONER STEVEN MARTIN ALLEGES HE WS DENIED A FAIR TRIAL BY THE PROSECUTION, TRIAL COURT, AND DEFENSE COUNSEL BY THE ADMISSION AND SOLICITATION OF BAD CHARACTER, PRIOR CRIMINAL ACTS, SUBSQUENT [SIC] CRIMINAL ACTS, TESTIMONY FROM PROSECUTION WITNESSES DURING TRIAL IN VIOLATION OF THE OHIO RULES OF EVIDENCE 403(A), AND 404(B), ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION, AND FIFTH AMENDMENT OF THE U.S.C.A. FURTHER THE COURT OF APPEALS ERRED TO PREJUDICE FURTHER DENEYING [SIC] PETITIONER DUEPROCESS [SIC].  TESTIMONY BY OFFICER HAMILTON WAS CONTRARY TO LAW AS IT PERTAINED TO THE PULLOVER VIOLATIONS, OFFICER HAMILTON ENTERED EVIDENCE TO THE JURY RELAITNG [SIC] TO OTHER ACTS, COMPANION CHARGES, AS THE PETITIONER PLEAD GUILTY, WHERE THE CUMULATIVE EFFECT OF THE ERRORS DEPRIVES THE PETITIONER OF THE CONSTITUTIONAL RIGHT TO A FAIR TRIAL OFFICER HAMILTON TOLD THE JURY THAT DEFENDANT WAS CONVICTED OF ALL THE ALLEGED PULLOVERS THUS

-13-

PREJUDICE THE OUT COME OF PETITIONERS TRIAL FOR REASONS COUNSEL G.R.HAM FAILED TO OBJECT TO THE WEAVING COURSE VIOLATION, WHICH OFFICER HAMILTON TOLD THE JURY PETITIONER PLEAD GUILTY TO PETITIONER FEELS THAT THE ATTORNEYS DEFICIENT PERFORMANCE AT THIS TIME WAS SERIOUS, AS COUNSELS ERRORS DEPRIVED THE PETITIONER OF A A FAIR TRIAL WHOSE RESULT IS RELIABLE.

FURTHER THE OHIO SUPREME COURT ERRED TO PREJUDICE WHERE PREJUDICIAL ERrOR DEPRIVES THE PETITIONER THE CONSTITUTIONAL RIGHTS TO A FAIR TRIAL THUS THE OHIO SUPREME COURT PERMITTED EVIDENCE TO BE INTRODUCED TO TRIAL WHEN THER WAS A COURT ORDER THAT THAT RESULTED IN A SANCTION PROHIBITING INTRODUCTION OF SUCH EVIDECNE [SIC] AT TRIAL, ORDERED BY JUDGE RUSSELL KEGLY.

In Ground Five Petitioner claims his trial was unfair because of testimony about prior bad acts offered to prove his character and that he acted in accordance with that character by driving under the influence on the date in question.

The only portions of this claim preserved for consideration on federal habeas review are those portions submitted to the Ohio Court of Appeals on direct appeal.  That court found there was no objection to the "habitual alcoholic" comment and it was thus waived.  In so holding, the court was applying the contemporaneous objection rule. Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1969), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162, 694 N.E.2d 932 (1998) — is an adequate and independent state ground.  *Nields v.  Bradshaw*, 482 F.3d 442 (6th Cir.  2007); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing  Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Cott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).  *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir.

-14-

2000).

As to the comment that the police had been called to Mr. Martin's home on domestic violence calls, that comment was objected to and the court upheld the objection, instructing the jury to disregard the comment. Federal courts generally assume that juries follow their instructions. *Washington v. Hofbauer*, 228 F.3d 689, 706 (6th Cir. 2000). There is no reason to doubt this jury did so. Ground Five for Relief is without merit.

### Ground Six

INDICTMENT WHICH CONTAINED THREE (3), PRIOR CONVICTIONS TO SATISFY ELEMENT OF ONE (1), PRIOR CONVICTION WAS INVALID THE ADMISSION OF THREE (3), PRIOR CONVICTIONS INTO EVIDENCE BY PROSECUTION TO SATISFY (1) ONE PRIOR CONVICTION ELEMENT TRIAL COURTS INSTRUCTION OF THREE (3), PRIOR CONVICTIONS TO SATISFY ELEMENT OF ONE (1), PRIOR CONVICTION, DEFENSE COUNSELS FAILURE TO OBJECT TO INDICMENT [SIC], ADMISSION OF EVIDENCE, AND JURY INSTRUCTION, ALL COMBINED TO DENEY [SIC] THE APPELLANT HIS DUEPROCESS GUARANTEE TO A FAIR TRIAL THE COURT OF APPEALS ERRED FOR REASONS THE STATE USED TO PROVE SECTION (E)S PROVISION OF ONE PRIOR FELONY WITH SECTION (D)S ELEMENT OF . . . . THREE OR MORE VIOLATIONS OF DIVISION (A), THUS THE STATE, AND COURT OF APPEALS ERRED TO PREJUDICE BY ALLOWING THE TRIAL COURT TO PROVE TO THE JURY ELEMENTS OF THE OFFENSE WHICH MADE THE INITIAL FELONY CHARGE A FELONY INSTEAD OF A MISDDEMEANOR [SIC] I . . E . . . THREE OR MORE VIOLATIONS OF DIVISION A THE PETITIONER CONTENDS THIS WAS ERROR CONSTITUTING PLAIN ERROR CRIM .RULE (52)(B), AND DENIED THE PETITIONER A FAIR TRIAL.

In his sixth Ground for Relief, Petitioner complains that the State was allowed to plead and prove that he had three prior DUI convictions within the past six years as well as pleading and proving that he had one prior felony DUI conviction. As the Court of Appeals noted, those are alternative elements of the offense with which Petitioner was charged. There cannot be a federal

-15-

constitutional violation in pleading and then proving the required elements of an offense. Indeed, the Constitution requires that all elements be pled in the indictment and then proved beyond a reasonable doubt to the jury. *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004). The sixth Ground for Relief is also without merit.

## Ground Seven

TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBTAINING THE PETITIONER'S MEDICAL RECORDS OF TWO REPLACEMENT HIP SURGERIES AS A PROPER AND LEGITIMATE REASON FOR THE PETITIONER FAILURE TO PREFORM THE FIELD SOBRIETY TEST AND INABILITY TO WALK WITHOUT SUPPORT.

In his seventh Ground for Relief, Petitioner asserts his trial attorney was ineffective for failure to obtain and present his medical records which would have shown that he had had both hips replaced; such evidence would supposedly have offered an alternative explanation for his failure to perform well on the field sobriety tests or to walk without support when he alighted from the vehicle.

The Court of Appeals also considered this claim on the merits and held

> [*P14] Appellant's final argument is that counsel provided ineffective assistance because he did not obtain and introduce medical records to show that appellant had hip replacement surgery. Appellant contends that this evidence would have explained his "failure to perform the field sobriety test and inability to walk." We note that although several comments during the trial court proceeding refer to appellant's hip replacement surgery, we find no definitive proof that such medical records exist. Without such proof, appellant cannot establish prejudice. Furthermore, while hip replacement surgery may conceivably have helped to explain appellant's inability to walk, it would not have explained his failure of all of the field sobriety tests 4 or the other indicia of his intoxication. 5

4 Field sobriety tests that appellant performed included the "finger to nose" test, reciting the alphabet and counting backward from 31 to 17. Obviously, these would not be affected by hip replacement surgery. As for the horizontal gaze nystagmus test, Officer Hamilton stated appellant was too intoxicated to comply with his instructions.

5 Appellant also exhibited a flushed face, slurred speech, bloodshot eyes and smell of alcohol together with his remarks to police officers, that he was "fucked up" and that he had consumed too many beers.

*State v. Martin, supra,* at ¶ 14. Thus the court of appeals held there was no evidence of the hip replacements and even if there had been it would not have explained away most of the evidence of intoxication. Thus there was no proof of prejudice in failing to present this evidence.

This Court concludes this was an eminently reasonable application of Strickland and therefore the seventh Ground for Relief is without merit.

### Ground Eight

PETITIONER MOVES THE COURT FOR ANY AND ALL ERRORS APPARENT FROM THE RECORD TO REVIEW. Petitioner further moves the court pursuant to HAINES V. KERNER 92 S. Ct 594 1972, Allegations of prose complaint are held lee [sic] stringent standards than formal pleadings drafted by lawyers.

In his eighth Ground for Relief, the Petitioner essentially asks for the Court's help to discern any other possible claims for relief in the record and reminds the Court of its duty to construe liberally the pleadings of *pro se* litigants under *Haines v. Kerner*, 404 U.S. 519 (1972).

Upon the authority cited by Respondent (Return of Writ at 32), it is inappropriate for the Court to search the record for possible error. Habeas corpus petitioners are required to call claimed

-17-

error to the Court's attention and the Court cannot sit as a legal adviser to state inmates.

The eighth Ground for Relief should be dismissed for failure to state a claim upon which federal habeas corpus relief can be granted.

### Conclusion

Upon the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability. January 17, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Martin v. Warden R&R.wpd